**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-1766**

DONTE PARRISH,

                    Plaintiff - Appellant,

          v.

UNITED STATES OF AMERICA,

                    Defendant - Appellee.

Appeal from the United States District Court for the Northern District of West Virginia, at Clarksburg.  Irene M. Keeley, Senior District Judge.  (1:17-cv-00070-IMK)

Submitted:  October 20, 2020                                        Decided:  October 23, 2020

Before GREGORY, Chief Judge, DIAZ, Circuit Judge, and SHEDD, Senior Circuit Judge.

Remanded by unpublished per curiam opinion.

Donte Parrish, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Donte Parrish seeks to appeal the district court's order adopting in part and rejecting in part the magistrate judge's recommendation and dismissing Parrish's complaint pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b)(1), 2671-2680. The district court entered its judgment on March 24, 2020. Parrish filed his notice of appeal, at the earliest, on July 8, 2020. *See Houston v. Lack*, 487 U.S. 266, 276 (1988) (establishing prison mailbox rule). Parrish's notice of appeal is clearly untimely. *See* Fed. R. App. P. 4(a)(1)(B). Parrish, however, claimed that he did not receive a copy of the district court's order until June 25, 2020, and there is some evidence in the record supporting this assertion.

Pursuant to Fed. R. App. P. 4(a)(6), the district court may reopen the time to file an appeal for a 14-day period if: (1) the movant did not receive proper notice of the entry of the judgment within 21 days after entry; (2) the motion to reopen the appeal period is filed within 180 days after the judgment is entered or within 14 days after the movant receives proper notice of the entry, whichever is earlier; and (3) no party would be prejudiced. Fed. R. App. P. 4(a)(6); *see* Fed. R. Civ. P. 77(d). Because Parrish claimed that he did not receive a copy of the court's judgment until 93 days after entry, and he filed the notice of appeal within 14 days after he purportedly received a copy of the court's judgment, we construe the notice of appeal as a motion to reopen the appeal period under Rule 4(a)(6). We remand to the district court to determine whether the appeal period should be reopened. The record, as supplemented, will be returned to this court for further consideration.

*REMANDED*